4

Erica Taylor Loftis Pacheco, Esq. (SBN 259286)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Telephone: (949) 427-2010
Facsimile No.: (949) 427-2732
bknotifications@ghidottiberger.com

Attorneys for Movant
Carvana, LLC, its successors and assigns

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| In Re: | CASE NO.: 21-23295 |
| Jose Guadalupe Naranjo, | DCN: GB-1 |
| Debtor. | CHAPTER 7 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** |
| | DATE: 12/15/2021<br>TIME: 10:00 a.m.<br>CTRM: 35, 6th, 501 I Street, Sacramento, CA |
| | Honorable Christopher M. Klein |

     COMES NOW, Movant, Carvana, LLC ("**Movant**") and submits the following in support of its Motion for Relief From Stay.

///

///

### I.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

# INTRODUCTION

Carvana, LLC submits this Motion for Relief From Stay ("**Motion**") pursuant to *11 U.S.C. Section 362(d)(1) and/or 362(d)(2)* for authority to exercise any and all of its rights and remedies under its loan documents and applicable law in connection with personal 2017 Hyundai Velostar LT VIN #KMHTC6AD6HU308329 ("**Vehicle**").

The Debtor, Jose Guadalupe Naranjo (hereinafter the, "**Debtor**") filed a Chapter 7 Petition on September 20, 2021.

## II.

# STATEMENT OF FACTS

The Debtors executed a Contract in favor of Movant in the original principal amount of $14,964.00 ("Contract"). Movant is an entity entitled to enforce the Contract. A true and correct copy of the Contract is attached as **Exhibit "1"** and is incorporated herein by reference for all purposes.

The debt described by the Contract is secured by the 2017 Hyundai Velostar LT VIN #KMHTC6AD6HU308329 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal owner thereof. A copy of the Title is attached hereto as **Exhibit "2"** and is incorporated herein by reference for all purposes.

Subsequent to the execution of the Contract and Title, Debtor has filed for protection under Chapter 7 of Title 11 of the United States Code on September 20, 2021.

As of October 15, 2021, the outstanding Obligations under the Contract total $14,511.39.

The current value of the Vehicle as of October 15, 2021 according to NADA is $16,575.00. A true and correct copy of NADA's valuation is attached hereto as **Exhibit "3"** and is incorporated herein by reference for all purposes.

As of October 15, 2021, the amount of delinquency owed to Movant was $3,186.00 with the account due for the March 11, 2021 payment and the last payment having been received on April 2, 2021.

4

On or about September 15, 2021, the debtor voluntarily surrendered the vehicle back to the Secured Creditor and the Secured Creditor has been in possession of the vehicle since prior to the bankruptcy case being filed.

Consequently, based on the foregoing, Movant seeks relief from stay under *11 U.S.C. Section 362(d)(1) and/or 362(d)(2)* herein to proceed with its non-bankruptcy remedies to pursue the Vehicle.

### III.

### DISCUSSION

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the Vehicle. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant. The Debtor has not maintained payments to Movant. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. The Debtor's failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

Likewise, pursuant to 11 U.S.C. Section 362(d)(2), Movant is entitled to relief from the automatic stay to enforce its lien as there appears to be insufficient equity with respect to the subject Vehicle and the Vehicle is not necessary for an effective reorganization. Movant alleges the value of the Vehicle to be approximately $16,575.00 based upon NADA's valuation. However, Movant is owed $14,511.39, leaving insufficient equity in the Vehicle.

### IV.

### CONCLUSION

MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

Based on the foregoing, Movant alleges that it is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the collection of the Vehicle. Further, Debtor does not have sufficient equity in the Vehicle. Accordingly, relief from the automatic stay should be granted to Creditor pursuant to 11 U.S.C. §362(d)(1) and (2).

**THEREFORE**, Movant respectfully requests an Order be entered by this Court as follows:

1.　　An Order Terminating the Automatic Stay, permitting Movant to continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law;

2.　　For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

3.　　For an Order binding and effective despite any conversion of this case.

4.　　For such other relief as this Court deems appropriate

Dated: November 2, 2021　　　　　GHIDOTTI | BERGER LLP

　　　　　　　　　　　　　　　/s/ Erica Taylor Loftis Pacheco　　
　　　　　　　　　　　　　　　Erica Taylor Loftis Pacheco, Esq.
　　　　　　　　　　　　　　　Attorney for Movant

MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF